[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SHOW CAUSE WHY CHILD SUPPORT SHOULD NOT BE MODIFIED (DOCKET ENTRY No. 120.09)
A degree of dissolution of the marriage of the parties was entered on May 20, 1987 after a contested trial of this matter before the undersigned. At that time the court ordered unallocated alimony and child support orders of $45,000.00 per year in equal monthly payments of $3,750.00 until the first to occur of the following events: the death of the defendant, the death or remarriage of the plaintiff, the plaintiff's cohabitation as provided under the provisions of section46b-86 (b) of the General Statutes, or the youngest living child of the parties attaining the age of eighteen years, at which time all alimony and support payments shall be terminated. The decree further provided that in the event the alimony and support orders are terminated or modified due to the remarriage or cohabitation of the plaintiff, the amount of child support shall be negotiated by the parties and, if they cannot agree, the amount of support shall be determined by the Superior Court of Bridgeport or any other court of Connecticut jurisdiction.
The plaintiff remarried on March 10, 1990. The parties have been unable to reach agreement regarding the amount of support. The children are now 11 and 7 years of age. The plaintiff is now 36 years of age and the defendant now 34 years of age. The defendant, too, has remarried.
This matter comes to this court at this time pursuant to the court's original orders entered on May 20, 1987. (See para of this court's Memorandum of Decision dated May 19, 1987 and filed May 20, 1987 and paragraph 3 of the judgment). This, as the court sees it requires a new determination of the question of support. The court, therefore, now considers the provisions of 46b-84 and 46b-215b of the General Statutes. It has been argued that the child support guidelines do not apply because the combined net weekly income of the parties exceeds $1500.00. While this is true the amount of support prescribed as the $1500.00 level is the minimum presumptive level which, for the ages of the children, is $504.00 per week but which is based upon the combined net weekly income of the parties Child Support Guidelines issued by the Commission for Child Support Guidelines, January 1991, pg. 9. CT Page 7315
The parties have argued that the court should view this as equivalent to a motion for modification pursuant to the provisions 46b-86 (a) of the General Statutes. Even if this be so, there has been a substantial change in the financial position of each of the parties. At the time of the original decree, the airline by which the plaintiff was employed was on strike so she had no income. She is now receiving a net weekly income of $252.59.
At the time of the original decree, the court found that the defendant had a total effective annual income of $108,600. Based upon his current financial affidavit, he is showing effective annual income of $125,060.00 although the affidavit shows that some of that income may not be repeated.
As the court found previously, the defendant, while he works very hard, lives very well. While his 50 per cent interest in 3 an airplane no longer exists, he now has a 37' Bertram sport fisherman valued at $225,000.00.
Having considered the factors of 46b-84 of the General Statutes, the applicable case law and the evidence introduced in a hearing that has lasted over four trial days, the court enters the following order:
The defendant shall pay to the plaintiff, by way of support for the two minor children, the sum of $2,000.00 per month.
At the time that a child reaches the age of majority, is earlier emancipated, dies, or is no longer residing with the plaintiff, support shall reduce for the remaining child to $1,200.00 per month and continue until such child reaches majority, is earlier emancipated, dies, or, or is no longer residing with the plaintiff.
This order shall be effective from March 10, 1990, prorated for the month of March 1990, and shall be subject to credits for money paid by the defendant from March, 1990, to this date. Such arrearage shall be paid within thirty (30) days of the date hereof
Finally, the plaintiff seeks attorney's fees in connection with this motion. The plaintiff does not have "ample liquid funds" with which to pay her counsel. The court previously ordered that the parties negotiate in an attempt to agree upon support at the time the plaintiff remarried. The parties were unable to agree. Neither party can be faulted further. However, the plaintiff does not have the funds with which to pay her attorney. The defendant, however, does have the CT Page 7316 ability to contribute towards the plaintiff's counsel's fee. The court orders that the defendant contribute $9,500.00 towards plaintiff's counsel's fees on or before November 1, 1991.
BASSICK, JUDGE